UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANTE K. MUHAMMAD,

    Plaintiff,

v.                                     Case No. 19-12614
                                      Honorable Victoria A. Roberts

WELLS FARGO BANK, N.A., et al.,

    Defendants.

_____/

**ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS [ECF No. 9]; (2) DISMISSING THE COMPLAINT WITH PREJUDICE; (3) DEEMING MOOT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 21]; AND (4) IMPOSING PRE-FILING RESTRICTIONS ON PLAINTIFF**

**I.  INTRODUCTION**

*Pro se* Plaintiff Dante K. Muhammad ("Plaintiff") filed this case against Wells Fargo Bank, N.A. and Government National Mortgage Association ("Ginnie Mae"; collectively "Defendants"). He seeks to stop an impending foreclosure. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants' Motion to Dismiss [ECF No. 9] is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

Plaintiff's Motion for Temporary Restraining Order [ECF No. 21] is **MOOT**.

Consistent with the pre-filing restrictions set forth below, the Court **PROHIBITS** Plaintiff from filing future actions against Defendants and/or regarding the underlying Property without first obtaining Court approval.

## II. BACKGROUND

On June 16, 2015, Muhammad obtained a loan for $159,800 from Wells Fargo to purchase property located at 24604 Templar Ave., Southfield, MI 48075 (the "Property"). As security for the loan, Plaintiff gave Wells Fargo a mortgage encumbering the Property, which was recorded on June 23, 2015.

Not long after obtaining the loan, Plaintiff defaulted on it, and Wells Fargo initiated foreclosure proceedings. On March 24, 2016, five days before the foreclosure sale was originally scheduled to occur, Plaintiff filed a thirteen-count complaint in this Court against Wells Fargo attempting to void the mortgage and take the Property free and clear of the loan. Wells Fargo moved to dismiss the complaint. In September 2016, the Court granted the motion and dismissed the case.

Plaintiff filed two other actions regarding the Property and his loan obligations – one of which was a bankruptcy petition. The other was a case similar to this one which he voluntarily dismissed one month after filing.

Plaintiff filed the current Complaint on September 6, 2019 – four days before a foreclosure sale of the Property was scheduled to occur. Although the Complaint is conclusory and mostly incomprehensible, Plaintiff again attempts to invalidate Wells Fargo's interest in the Property and challenge its right to foreclose. To do so, Plaintiff relies on UCC financing statements identifying a non-party – The Temple of Ansar Al-Haqq ("the Temple") – as a secured party for a hot tub and sauna.

Based on that, Plaintiff appears to allege that the Temple's claim in/to the Property is superior to Wells Fargo's; the promissory note and mortgage lien are unenforceable; and "[D]efendants have wrongfully exercised dominion or control over the [P]laintiff's personal property."

Defendants move to dismiss the Complaint.

## III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. The federal rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged.  *Id.*  This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" for his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555 (while detailed factual allegations are not required, a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action").  Ultimately, the question is "'not whether [the plaintiff] will ultimately prevail' . . . but whether [the] complaint [is] sufficient to cross the federal court's threshold."  *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citations omitted).

In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pled factual allegations, and draw all reasonable inferences in favor of the plaintiff.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

## IV. DISCUSSION

Among other things, Defendants say the Court should dismiss the Complaint because it is barred by *res judicata* and because Plaintiff fails to state a claim under Rule 12(b)(6). The Court agrees.

Although the Court construes a *pro se* plaintiff's complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that "leniency . . . is not boundless," and "basic pleading standards" still must be satisfied. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Specifically, a *pro se* plaintiff's complaint still "must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief." *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Construing the Complaint liberally, the Court finds that Plaintiff fails to "plead facts sufficient to show a legal wrong has been committed from which [he] may be granted relief." *Id.*

To the extent Plaintiff alleges Wells Fargo has no enforceable interest in the Property, Plaintiff's claims are wholly conclusory and fail to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 570. These claims are also barred by *res judicata*, because Plaintiff already challenged Wells Fargo's interest in the Property and right to foreclose in the prior case before this Court. *See*

5

*Musleh v. Am. Steamship Co.*, 326 F. Supp. 3d 507, 515-16 (E.D. Mich. 2018).  To the extent any specific claim on this basis was not alleged in the earlier action but is alleged now, the claim is still barred because Plaintiff could have, and should have, alleged it in that case.  *See id.*

Plaintiff's claim that Defendants wrongfully exercised control over his *personal* property also must be dismissed under Rule 12(b)(6).  This claim is conclusory and incomprehensible; Plaintiff fails to provide the grounds for his entitlement to relief.  *See Bredesen*, 500 F.3d at 527.

Finally, Plaintiff's claims that the Temple has a superior claim in/to the Property than Wells Fargo is conclusory and nonsensical.  These claims fail to satisfy the pleading requirements required under *Twombly* and *Iqbal*.  Moreover, even if these allegations set forth a plausible claim, Plaintiff lacks standing to bring a claim on behalf of the Temple.  Finally, if Plaintiff had standing to assert these claims on behalf of the Temple, they would be barred by *res judicata* because Plaintiff could have asserted them in the prior action.  *See Musleh*, 326 F. Supp. 3d at 515-16.

Plaintiff fails to state a plausible claim to relief; the Complaint must be dismissed.

## V. PRE-FILING RESTRICTION

Defendants ask the Court to impose pre-filing restrictions on Plaintiff to prevent him from abusing the judicial system in the future. They say Plaintiff is likely to continue to abuse the judicial process based on his history of filing meritless lawsuits against them to avoid making loan payments and delay a foreclosure sale of the Property.

The Court has the authority to impose pre-filing restrictions on litigants with a history of filing repetitive, frivolous, or vexatious cases. *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Clapper v. Clark Dev., Inc.*, No. 14-3500, 2015 WL 13688415, at *3 (6th Cir. Apr. 29, 2015). The Court can require those litigants to obtain Court approval before filing further pleadings. *Id.*

Such restriction is appropriate here.

Accordingly, the Court **PROHIBITS** Plaintiff from filing future actions against Defendants and/or regarding the Property without first obtaining Court approval. To seek Court approval, Plaintiff must file an *ex parte* motion in this case – even though the case will be closed – setting forth the request and explaining why the new complaint is not frivolous. Plaintiff must attach the proposed complaint to his request. He must also deliver a printed copy of the request and proposed complaint to the Court.

If Plaintiff files an action regarding the Property and/or against Defendants without first obtaining Court approval, the Court may strike the complaint or dismiss the case with prejudice, and may impose sanctions on Plaintiff, including monetary sanctions and/or an award of costs and attorney fees.

**VI. CONCLUSION**

Defendants' Motion to Dismiss [ECF No. 9] is **GRANTED**. The case is **DISMISSED WITH PREJUDICE**.

Plaintiff's Motion for Temporary Restraining Order [ECF No. 21] is **MOOT**.

Consistent with the pre-filing restrictions set forth above, the Court **PROHIBITS** Plaintiff from filing future complaints against Defendants and/or regarding the Property without first obtaining Court approval.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: February 12, 2020